AO 245D   (Rev 09/11) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

Middle District of Alabama

AMENDED

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>CLAYTON L. YOUNG, JR. | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release) |

Case No.  2:03cr135-MEF

USM No. 11240-002

Matthew G. Weathers
Defendant's Attorney

## THE DEFENDANT:

☑ admitted guilt to violation of condition(s)   1 - 2 of the petition _____ of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to make full business and financial disclosure of all consulting activities to which he is engaged to the probation officer | 04/16/2012 |
| 2 | Failure to pay the balance of restitution and fine | 02/01/2014 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 6167

Defendant's Year of Birth:  1960

City and State of Defendant's Residence:
Huntsville, AL

02/20/2014
Date of Imposition of Judgment

Signature of Judge

Mark E. Fuller                          U.S. District Judge
Name and Title of Judge

20 FEBRUARY 2014
Date

AO 245D    (Rev 09/11) Judgment in a Criminal Case for Revocations
         Sheet 2— Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: CLAYTON L. YOUNG, JR.
CASE NUMBER: 2:03cr135-MEF

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

ONE DAY, to be released at 5:00 p.m. on February 6, 2014. It is ORDERED that the term of supervised release imposed on November 14, 2006, is REVOKED. The court has taken into consideration the policy statements in Chapter 7 of the Guidelines Manual, the guideline range, and all relevant information in imposing the sentence at one day.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev 09/11) Judgment in a Criminal Case for Revocations
           Sheet 3 — Supervised Release

DEFENDANT:  CLAYTON L. YOUNG, JR.
CASE NUMBER:  2:03cr135-MEF

Judgment—Page ___3___ of ___4___

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Three years less 7 days.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D    (Rev  09/11) Judgment in a Criminal Case for Revocations
           Sheet 3C — Supervised Release

DEFENDANT:  CLAYTON L. YOUNG, JR.
CASE NUMBER: 2:03cr135-MEF

Judgment—Page  4  of  4

## SPECIAL CONDITIONS OF SUPERVISION

The Defendant shall reside within the Middle District of Alabama or the Northern District of Alabama during the period of supervised release unless otherwise granted permission in writing by the court.  Jurisdiction of the case shall remain in the Middle District of Alabama

The Defendant is prohibited from any and all exploratory or mining activities which require him to seek a license or permit for such activity from any city, county, state, or tribal office, without the written approval of the Probation Office.  The Defendant shall not use family members, friends, associates, or other individuals or entities, or the names of those individuals or entitties, as a conduit to do any exploratory or mining activity, on behalf of or for the Defendant.

The Defendant shall enter into an agreement with the Alabama Surface Mining Commission (ASMC), to put into place a reclamation performance bond in a form acceptable to ASMC for the maintenance and reclamation of the unpermitted coal disturbance associated with ASMC case number DHA 12-002, within a reasonable time as determined by the United States *Probation Office*.  The Defendant shall abide by any agreement entered into with the Alabama Surface Mining Commission in case number DHA 12-002, during the period of supervised release.

The balance of restitution in the amount of $238,465.00, and the fine balance in the amount of $12,500.00, are reimposed. The Defendant is to pay his criminal monetary penalties at a rate of no less than $2,000.00 each and every month of supervised release, and as directed by the Probation Office, in accordance with any financial guidelines used for the payment of criminal monetary penalties.  Payment is due in full on all court-ordered monetary penalties no later than the end of the Defendant's term of supervision.  Interest on the fine and restitution is waived.

The Defendnt is to make full financial and business disclosures of all consulting activities to which he is engaged to the United States Probation Officer.

The Defendant shall be prohibited from incurring new credit charges. opening additional lines of credit, or negotiating or consummating any financial contracts or business contracts for financial gain without the written approval of the Probation Office.

The Defendant shall be subject to full financial disclosures to include that he shall provide the Probation Office with his income tax returns, authorization for release of credit information, banking records, and any other business or financial information in which he is involved in or which he has a control or interest.

The Defendant shall not either solely, or with anyone else, start, operate, or control any business.  The Defendant shall not be permitted to negotiate, commit, or sign for the benefit of any business without the permission of the Probation Office.

The Defendant shall only open, have access to, or use bank accounts, brokerage accounts, credit lines or loans, or any other financial accounts of any type which are in his name and which have been disclosed to and authorized by the Probation Office.

The Defendant's employment shall be subject to the approval and verification through the Probation Office.

The Defendant shall not use family members, friends, associates, or other individuals or entities, or the names of those persons or entities, as a conduit to receive wages, salaries, interest, dividends, or any other form of income or compensation on behalf of or for the Defendant with the only exception that the Defendant is authorized to utilize one checking account with his wife, Kim Young, listed as primary owner thereof.  All transactions and records of transactions utilizing that account shall be fully disclosed to and approved in writing by the Defendant's supervising Probation Officer.

The Defendant shall refrain from excessive use of alcohol, and shall submit to drug testing and alcohol testing as directed by the Probation Office.

The Defendant shall submit to a search of his person, residence, office, computer or vehicle pursuant to the search policy of this court.